**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KRAIG PAYNE,**<br>**#Y40610,** | |
| **Plaintiff,** | **Case No. 25-cv-01012-SPM** |
| **v.** | |
| **SONIKA JONES,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### DISCUSSION

Plaintiff alleges that on February 18, 2025, while in the foyer of the dayroom, Correctional Officer Jones offered to blow him a kiss. (Doc. 13, p. 5). He states that a week later Jones issued him a disciplinary report in which she falsely accused him of violating her, when all he did was ask her for "some tissue and soap." (*Id.*). Plaintiff asserts that this conduct violates the Eighth Amendment, and he describes Jones's actions as a hate crime, sexual abuse, and cruel and unusual

Page 1 of 3

punishment. (*Id.*).

Plaintiff again has failed to state a constitutional claim. As the Court previously stated (*see* Doc. 12), blowing Plaintiff a kiss and writing him a false disciplinary report do not amount to a constitutional violation. *See Leslie v. Doyle*, 125 F. 3d 1132, 1136 (7th Cir. 1998) ("the Constitution does not create a cause of action for arbitrary and purposeless acts by officials per se, it prohibits the abuse of power that effects a significant deprivation."); *Dubrovin v. Johnson,* No. 24-cv-1412-pp, 2025 WL 18658, at *2 (E.D. Wisc. Jan. 2, 2025) ("Except in exceptional circumstances, verbal abuse or unprofessional comments from prison officials do not violate the Constitution." (citing *Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019); *Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000))); *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) (the allegation that a correctional officer falsified a disciplinary report fails to state a claim because "the protection from such arbitrary action is found in the procedures mandated by due process").

Because Plaintiff has failed to state a constitutional claim against Defendant Jones, the First Amended Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed. When a complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee,* 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994). This is Plaintiff's second attempt to state a claim, and he again is unsuccessful. Accordingly, the Court finds that any further amendment of Plaintiff's claims in this action would be futile. The dismissal of this case will be with prejudice and without leave to amend.

**DISPOSITION**

For the reasons stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 5, 2026**

_s/Stephen P. McGlynn_____
**STEPHEN P. MCGLYNN**
**United States District Judge**

Page 3 of 3